UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ` ) | 1:07-cv-1160-SEB-JMS |
| ) | |
| DEER-BELL, INC. d/b/a CLUB RIO and ) | |
| SAMUEL L. NELSON, III, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is a declaratory judgment action wherein Evanston Insurance Company ("Evanston") seeks a declaration that it owes no defense or indemnity to Deer-Bell, Inc. d/b/a Club Rio ("Club Rio") and Samuel L. Nelson, III., ("Nelson") in connection with a lawsuit filed against Evanston by Nelson, alleging that his injuries were the result of negligence on the part of Club Rio. This matter is presented to us for determination on a motion for summary judgment [Docket No. 31] filed on August 12, 2008, by Evanston. Neither Club Rio nor Nelson has filed a response to Evanston's Motion for Summary Judgment. For the reasons detailed in this entry, we GRANT Evanston's Motion for Summary Judgment.

**Factual Background**

**I.      The Underlying Lawsuit**

On March 9, 2007, Nelson filed a complaint for damages in Marion County Circuit court

alleging that he was injured at Club Rio on March 29, 2005, following a battery by Bradley Wilson ("Wilson"). Nelson Compl. ¶¶ 14-17. Nelson sought damages against Club Rio alleging that negligent acts or omissions on the part of Club Rio led to the battery and his subsequent injuries. Specifically, Nelson alleges that he sustained a wound from a gunshot fired by Wilson, who was a fellow patron of Club Rio. Nelson alleges that his injury resulted in part from negligent security and acts or omissions that allowed the battery to occur. Id. ¶¶ 21-23. At the time of the incident, Club Rio was insured by Evanston, which had issued a Commercial General Liability Policy ("the policy") to Club Rio, Policy No. CP130100796, that provided coverage from October 20, 2004, to October 20, 2005.

Anticipating that Club Rio and Nelson may contend that their alleged injuries are covered under the policy, Evanston filed this motion seeking an order by the court declaring that it has no duty to defend or indemnify either party to the lawsuit arising from this incident. Evanston Compl. ¶ 11.

## Legal Analysis

**I.      Standard of Review**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The same standard applies where declaratory relief is sought pursuant to a motion for summary judgment. Hartford Acc. & Idem. Co. v. Northwest Nat. Bank of Chicago, 228 F.2d 391, 401 (7th Cir. 1955) Disputes concerning material facts are genuine where the evidence is such that a reasonable jury

could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255.

**II.     Discussion**

The Evanston policy provides in relevant part that coverage "does not apply to 'bodily injury,' 'property damage,' 'personal injury,' 'advertising injury,' or an injury, loss or damage" arising out of the following situations:

> 4. Assault and/or Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, insured's employees, patrons or any other person. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> ***
>
> 6. Any charges or allegations of negligent hiring, employment, training, placement or supervision, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same covered in the policy.

(Exhibit "B-1," Endorsement M/E-189 (9/00)).

The plain language of the policy clearly precludes liability on the part of Evanston for any damages arising from the battery suffered by Nelson on the premises of Club Rio. Under Indiana law, "[C]ontracts for insurance are subject to the same rules of interpretation as are other contracts." Eli Lilly v. Home Ins. Co., 482 N.E.2d 467, 470 (Ind. 1985). Consequently, "[i]f the policy language is clear and unambiguous, it should be given its plain and ordinary meaning." Id. Ambiguity exists "if reasonable persons

3

may honestly differ as to the meaning of the policy language," but the existence of a controversy does not automatically create ambiguity. Hartford Accident & Indemnity Co. v. Dana Corp., 690 N.E.2d 285, 294 (Ind. Ct. App. 1997).

      The language of the exclusion in the Evanston policy is clear. The policy does not cover damages arising from assault or battery caused or instigated by the "insured, insured's employees, patrons or any other person." (Exhibit "B-1," Endorsement M/E-189 (9/00)). Additionally, the policy excludes "any act or omission in connection with the prevention or suppression of such acts." Id.

      In this case, Nelson sought damages against Club Rio for negligent security. Nelson's theory is that Club Rio's negligence permitted Wilson to commit a battery against him. The policy clearly excludes coverage for any "acts or omissions" on the part of Club Rio that led to Nelson's injuries. Furthermore, the policy excludes coverage for damages arising out of "negligent hiring . . . or supervision." Id.; see Smock v. American Equity Insurance Co., 748 N.E.2d 432, 435 (Ind. Ct. App. 2001) (stating that similar policy provision excluded claims arising from the batteries committed on Insured's premises).

      Likewise, Evanston does not have a duty to defend Club Rio against Wilson's claim of negligence. "The insurer's duty to defend is determined from the allegations of the complaint coupled with those facts known to or ascertainable by the insurer after reasonable investigation." Trisler v. Indiana Insurance Co., 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991). "When the nature of the claim is obviously not covered by the policy of insurance, there is no duty to defend." Transamerica Insurance Services v. Kopko, 570

N.E.2d 1283, 1285 (Ind. 1991); see also Cincinnati Insurance Co. V. Mallon, 409 N.E.2d 1100, 1105 (Ind. Ct. App. 1980). The pleadings in Nelson's suit make clear that the basis for the claim is negligent security on the part of Club Rio. As previously noted, the policy does not cover Club Rio for acts or omissions causing or arising out of incidents of battery. Therefore, Evanston also has no duty to defend Club Rio against Nelson's claim of negligence.

### III.   Conclusion

In summary, the Evanston policy clearly excludes coverage for damages arising from acts or omissions surrounding incidents of battery on the premises of Club Rio. Thus, Club Rio is not covered by the policy for any negligent acts or omissions that led to or allowed Nelson's injuries. Because the facial claims in Nelson's pleadings clearly fall outside policy coverage, Evanston is not required to defend Club Rio against Nelson's negligence claims. Accordingly, we GRANT Evanston's Motion for Summary Judgment.

IT IS SO ORDERED.

Date:   02/13/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bruce Arthur Boje
RICHARDS BOJE & PICKERING
bboje@rbpbblaw.com

Neil Andrew Davis
MEILS THOMPSON DIETZ & BERISH
ndavis@meilsattorney.com

Mark M. Holdridge
HUME SMITH GEDDES GREEN & SIMMONS
mholdridge@humesmith.com

John T. Hume III
HUME SMITH GEDDES GREEN & SIMMONS
jhume@humesmith.com

Laurie Dee Johnson
RICHARDS BOJE PICKERING BENNER AND BECKER
ljohnson@rbpbblaw.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com